# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**JEROME W. OSBERGER,**

        **Petitioner,**

v.                                               **Civil Action No. 2:10cv97**
                                                      **(Judge Maxwell)**

**JOEL ZIEGLER, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION ON PLAINTIFF'S CONSTRUED MOTION FOR INJUNCTIVE RELIEF

The petitioner, a federal inmate incarcerated at the FCI-Morgantown, initiated this § 2241 habeas corpus action on August 17, 2010. After payment of the filing fee, the court conducted a preliminary review of the file, determined that summary dismissal was not appropriate at that time, and directed the respondent to show cause why the petition should not be granted. In doing so, the undersigned noted that the petition challenged a series of incident reports that appeared to result in a loss of good conduct time.

On September 3, 2010, the petitioner filed a Motion to Stay Disciplinary Action. In that motion, the petitioner requests the court "immediately issue a Court Order . . . preventing [the] Respondent . . . from initiating, convening, conducting, or otherwise engaging in any further disciplinary actions, hearings and proceedings against" him until after the Court has issued a ruling in this case which confirms the legality of the suspect incident reports. [Dckt. 11 at 2-3] The petitioner asserts that such an Order is necessary to prevent "further and additional irreparable damages." *Id*. at 3. He asserts that it is "fully anticipated and expected" that within the coming days

a DHO hearing will be held on these incident reports and that the likely outcome will be an increase in his custody classification level and points, disciplinary segregation and transfer to a more secure facility, among other possible sanctions. *Id.* at 4. The petitioner also points out that it is "very difficult, if not all-together impossible[,] to have such sanctions against an inmate reversed or removed" through the Bureau. *Id.* at 5.

In light of the requested relief, the undersigned construes the petitioner's motion as one for injunctive relief. The standard for granting injunctive relief in this circuit is set forth in <u>Real Truth About Obama, Inc. v. Federal Election Comm'n</u>, 575 F.3d 342 (4th Cir.2009). As articulated in <u>Real Truth</u>, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

In this case, the petitioner has failed to establish that he is likely to succeed on the merits of his claim. Moreover, he has failed to establish that he will suffer irreparable harm if an injunction does not issue. Instead, he merely speculates as to the possible sanctions he may receive at a DHO hearing that has not even been set. This is clearly not sufficient grounds for the Court to grant such an extraordinary remedy as injunctive relief. Accordingly, the undersigned recommends that the petitioner's Motion to Stay Disciplinary Action [Dckt. 11] be construed as a Motion for Injunctive Relief and **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A

copy of any objections should also be submitted to the Honorable Robert E, Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 15, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE