**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**JEROME W. OSBERGER,**

       Petitioner,

v.                                               **CIVIL ACTION NO. 2:10-CV-97**
                                                     **(BAILEY)**

**JOEL ZIEGLER,**
**Warden of FCI Morgantown,**

       Respondent.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R [Doc.68] on April 26, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that the petitioner accepted service on May 2, 2011 [Doc. 70]. The petitioner timely filed his objections on May 11, 2011 [Doc. 71]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II.     <u>Factual and Procedural History</u>

On August 17, 2011, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. The petition contains the following factual allegations. On May 26, 2010, and June 10, 2010, SIS Technician J. Duranko ("Duranko"), an employee of the Bureau of Prisons ("BOP") at FCI Morgantown, retaliated against the petitioner by filing false incident reports against him and forcing him to sign false statements under threat of physical harm. ([Doc. 1] at 4). Also on May 26, 2010, Duranko placed the petitioner in the Special Housing Unit ("SHU") in retaliation for informing Duranko that he intended to file a formal complaint against staff, including Duranko, for failing to investigate his claims that he was being blackmailed by another inmate. (Id. at 5). The petitioner claims he was in the SHU for over 60 days without receiving a Special Housing Review by a Segregation Review Officer ("SRO") or a disciplinary hearing before a Discipline Hearing Officer ("DHO"). (Id. at 6). Finally, the petitioner claims that his health

2

is deteriorating, and that he has been refused calls to his attorney. (Id.). As relief, the petitioner seeks to serve the remainder of his sentence in home confinement, his immediate release from the SHU, expungement of the improper incident reports from his record, and a custody transfer to a suitable facility in the Ohio region to avoid any further retaliation or extortion. (Id. at 7).

On November 9, 2010, the respondent moved to dismiss, or in the alternative for summary judgment on, the petition [Doc. 37]. First, the respondent asserts that the following facts are material to his motion and require dismissal of the petition. In May 2010, several inmates at FCI Morgantown came under investigation for "[g]iving money to, or receiving money from, any person for purposes of introducing contraband or for any other illegal or prohibited purposes," in violation of 28 C.F.R. § 541.13, Table 3, Code 217 ("Code 217"). ([Doc. 38] at ¶ 1). In particular, the petitioner was investigated for arranging for his friends to provide other inmates with money to purchase him commissary items, which the petitioner would then use to pay for tobacco. (Id.).

As part of the investigation, the petitioner was interviewed by Duranko on May 26, 2010. (Id. at ¶ 2). The plaintiff admitted his violation of Code 217, but he explained that he was being extorted by other inmates and that his wife had received two threatening letters from those inmates. (Id.). Duranko allowed the petitioner to call his wife to send copies of the threatening letters, but Duranko never received any. (Id.). Duranko found no independent evidence to corroborate the petitioner's claim that he was being threatened or extorted by other inmates. (Id.). The only documentation Duranko received from either the petitioner or his wife was several Western Union receipts showing money was

deposited into other inmates' accounts. (Id.). According to Duranko, he then placed the petitioner in the SHU to protect the integrity of the investigation, i.e. to prevent the plaintiff from influencing potential witnesses and/or to protect the inmate from those thinking he provided information about their wrongdoing. (Id. at ¶ 3).

In June 2010, Duranko completed his investigation and issued six incident reports against the petitioner for violating Code 217. (Id. at ¶ 4). Each incident report was related to a separate inmate to whom the petitioner had given money between October 20, 2009, and March 4, 2010. (Id.). The inmates who received the money were also given incident reports. (Id.). The petitioner received notice of the charges against him on June 15, 2010, and a Discipline Hearing Officer ("DHO") heard the charges on October 15, 2010, after the petitioner had requested that four previous hearings be rescheduled. (Id. at ¶ 5). At the hearing, the petitioner was advised of his rights and acknowledged that he understood them. (Id. at ¶ 6). The petitioner received staff representation and called a witness on his behalf. (Id.). Nevertheless, the DHO found the petitioner guilty on each of the six incident reports. (Id.). With regard to the petitioner's defense of extortion, the DHO found his testimony not credible because he could not state a reason for the extortion. (Id.). As sanctions, the petitioner received time in disciplinary segregation, and loss of credit for good conduct time, visitation privileges, and either commissary or telephone privileges. (Id.).

Based upon these facts, the respondent requests the dismissal of the petition on the following grounds: (1) failure to exhaust remedies; (2) the petitioner received the process he was due with respect to his disciplinary proceedings; (3) the evidence relied on by the

4

DHO was sufficient for a finding of guilt; (4) the petitioner's retaliation claims are without merit; (5) the petitioner's allegations concerning his placement in the SHU without the required hearings are baseless; and (6) the petitioner was not denied calls to his attorney, nor was he threatened with a shipment to a medium security facility.

On April 4, 2011, the petitioner responded in opposition to the respondent's motion [Doc. 67].[1] The petitioner asserts that his petition contains the "entire body of information and evidence provided by Petitioner" and that his "exhibits and all attached information and documentation . . . clearly shows the depth of the fraudulent statements, declarations and documentation provided to the Court in furtherance of the Respondent's defensible position." (Id. at 1-2). Accordingly, the petitioner asserts that "[f]or all the reasons as stated herein together with the Exhibits and supporting information provided by Petitioner . . . the Court should not dismiss this case and or otherwise rule against Petitioner in this matter." (Id. at 3).

On April 26, 2011, Magistrate Judge Kaull filed the instant R&R [Doc. 68], recommending that this Court dismiss the petitioner's claims that relate to the conditions of his confinement without prejudice to his right to file those claims as a civil rights action, and to dismiss with prejudice the petitioner's claim that his disciplinary reports should be expunged. Specifically, the magistrate judge characterized the petitioner's claims that the

---

[1] As Magistrate Judge Kaull explained, "The petitioner originally filed a response on December 6, 2010. [Dckt. 49] However, because the petitioner's response exceeded the page limitations of Local Rule 11.2, the respondent requested that it be stricken from the record. [Dckt. 57] The respondent's motion was granted on February 16, 2011, and the petitioner was directed to file a response which complied with the appropriate page limitations. [Dckt. 61] The petitioner filed a second response on April 4, 2011. [Dckt. 67][.]" ([Doc. 68] at 1 n.1).

BOP placed him in the SHU for retaliatory purposes and without conducting an SRO hearing; refused him attorney calls and legal forms; forced him to endure heat with no circulation of air, contributing to the deterioration of his health; and threatened to transfer him to a medium security facility as "most directly attack[ing] the conditions of his confinement." (Id. at 7). As such, the magistrate judge concluded that "those claims are not properly raised under § 2241 and should be dismissed." (Id.). Next, the magistrate judge noted that the petitioner cannot dispute that he received all the due process required for a DHO hearing, and that the evidence was sufficient to support the DHO's guilty finding. (Id. at 8). In particular, the magistrate judge found that the DHO had properly considered the petitioner's own admissions of guilty, the petitioner's failure to offer a reason for the alleged extortion, the Western Union receipts, and testimony from an inmate called by the petitioner who testified that he saw another inmate talking harshly to the petitioner and that the petitioner subsequently refused to discuss the encounter. (Id. at 8-9). Finally, the magistrate judge concluded that the DHO attributed proper weight to each piece of evidence.

On May 11, 2011, the petitioner filed Objections [Doc. 71] to the instant R&R. Specifically, the petitioner asserts that the exhibits attached to the respondent's motion, including the DHO's Hearing Reports, are fraudulent. (Id. at ¶ 4).

### III. Discussion

In his Objections, the petitioner takes issue with the analysis of the magistrate judge. The Court will address these objections as they relate to each of the petitioner's claims for relief discussed above.

A. **Claims Regarding Conditions of Confinement**

A petition brought pursuant to 28 U.S.C. § 2241 is used to attack the manner in which the sentence is executed. Specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement, not the conditions of that confinement. See **Preiser v. Rodriguez**, 411 U.S. 475, 499-500 (1973).

In the instant case, the petitioner complains about the conditions of his confinement when he asserts that the BOP placed him in the SHU for retaliatory purposes and without conducting an SRO hearing; refused him attorney calls and legal forms; forced him to endure heat with no circulation of air, contributing to the deterioration of his health; and threatened to transfer him to a medium security facility. These claims are not related to the execution of his sentence, and therefore, clearly should have been raised pursuant to a civil rights complaint, instead of as a *habeas corpus* petition brought pursuant to 28 U.S.C. § 2241.

The petitioner's claim that his incident reports should be expunged as retaliatory, however, are properly brought pursuant to § 2241 because the petitioner lost credit for good conduct time as a result of the DHO's finding of guilt. Accordingly, the merits of that claim will be considered fully below.

B. **Claims that Incident Reports were Retaliatory**

First, this Court is unpersuaded by the petitioner's assertions that the exhibits attached to the respondent's motion, including the DHO's Hearing Reports, are fraudulent. The petitioner has provided no evidence of fraudulent activity on behalf of the respondent, including that the DHO's Hearing Reports were not, in fact, delivered to him on November

3, 2010, after decision was made on October 26, 2010, satisfying the 10-day requirement of 28 § C.F.R. 541.17(g). (See [Doc. 38-3] at 39). More importantly, the petitioner does not dispute the content of the DHO Hearing Report, including the nature of the evidence considered by the DHO. As such, the issue presented by the petitioner's retaliation claims is whether the DHO's decision is supported by sufficient evidence.

A DHO decision comports with the requirements of procedural due process "if some evidence supports the decision . . .." See **Superintendent, Mass. Corr. Inst. v. Hill**, 472 U.S. 445, 455 (1985); see also 28 C.F.R. § 541.17(f) ("The decision of the DHO shall be based on at least some facts . . .."). The **Hill** standard "is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced . . .. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." **Hill**, 472 U.S. at 455. (internal quotation and citation omitted).

In the instant case, the petitioner challenges the DHO hearing apparently based upon the DHO's failure to accept his defense of extortion. Like the magistrate judge, this Court finds that the DHO's rejection of the petitioner's defense was reasonable in light of the evidence presented at the hearing. For example, the petitioner failed to explain why he was being extorted by a fellow inmate. This prompted the DHO to find his claim of defense deceptive, noting that there was no other independent evidence to support the petitioner's claim of extortion. As for the petitioner's witness who testified to seeing another

inmate speaking harshly to the petitioner, the DHO found the testimony irrelevant because the witness could neither identify the inmate nor confirm the content of the conversation. Instead, the DHO properly attributed more weight to the statement of the reporting officer and to the documentation substantiating the officer's statement, including the petitioner's alleged admissions of guilt. As such, this Court concludes that the DHO's decision satisfies the "some evidence" standard articulated in *Hill*. Accordingly, the petitioner has failed to show that his incident reports were issued as acts of retaliation.

## IV. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 68]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the petitioner's Objections **[Docs. 71]** are **OVERRULED**. Accordingly, the respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment **[Doc. 37]** is hereby **GRANTED** and the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and the same is hereby **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file his non-§2241 claims as a civil rights action, and **DISMISSED WITH PREJUDICE** as to the petitioner's retaliation claims. Finally, this case is hereby **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: May 19, 2011.

JOHN PRESTON BAILEY  
UNITED STATES DISTRICT JUDGE